# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| BRYANT WASHINGTON, | ) |  |
|---|---|---|
| Petitioner | ) | |
| vs. | ) | CRIMINAL NO. 05-127-CG-D |
|  | ) | CIVIL NO. 06-833-CG |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on Petitioner's, Bryant Washington's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and to appoint counsel. (Doc. 66). For the reasons enumerated below, the Court finds that the petitioner's motion is due to be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Bryant Washington ("Washington"), was charged in a two-count indictment in 2005. (Doc. 1). Count One charged Washington with conspiring with other persons to possess with the intent to distribute more than 500 grams of cocaine and/or more than 50 grams of crack cocaine in violation of 21 U.S.C. § 846. (*Id.*) Count Two charged Washington with possession with the intent to distribute approximately 300 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. 1; Doc. 66). On July 28, 2005, Washington pled guilty to Count Two pursuant to a written plea agreement. (Doc. 35-37). The factual resume attached to the guilty

plea indicated that the amount of drugs possessed by Washington was 300 grams. (Doc. 35; Doc. 66-1).

After his guilty plea, the Presentence Investigation Report indicated that Washington was accountable for 500 grams of cocaine. (Doc. 47 at 5). Thereafter, on October 31, 2005, at Washington's sentencing hearing, the Government put forth evidence that the actual amount of drugs involved in Washington's crime was 500 grams. (Doc. 69). As such, Washington's offense level was 26. (Doc. 47 at 7). After a three-level downward adjustment for acceptance of responsibility, Washington's offense level was calculated at 23, with a resulting guideline range of 57 to 71 months imprisonment. (*Id*. at 7, 14). Washington was sentenced to 57 months imprisonment. (Doc. 54). Washington did not appeal his conviction or sentence.

On December 29, 2006, Washington filed the instant petition which raises two grounds for relief: (1) that the change, at sentencing, in the amount of cocaine involved in his crime was a violation of the plea agreement by the Government, and (2) that his counsel was ineffective for failing to notify him that his offense level could be raised and for failing to provide the Court with a defense to the adjustment or consulting with his client as to how to correct the adjustment. (Doc. 66 at 1). Washington additionally request counsel be appointed to litigate his § 2255 petition.

The Government timely filed a response on March 5, 2006, arguing that Washington's petition should be denied. (Doc. 70, generally). The matter is now ripe for adjudication.[1]

## II. §2255 STANDARD

Habeas relief is an extraordinary remedy which "may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." *Id*. at 164. Unless a claim alleges a lack of jurisdiction or a constitutional error, the scope of collateral attack is extremely limited. *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

## III. REQUEST FOR COUNSEL

Washington requests that he be appointed counsel to pursue his § 2255 claims because "the matter before this court is a complex one and the defendant is not able to correctly address the legal matter before the court". (Doc. 66 at 1). However, there is no constitutional right to counsel on collateral review. *Lawrence*

---

[1] The undersigned takes judicial notice of the fact that a review of the Court's docket reflects that Washington was released from prison in 2008. (Doc. 73). Washington's release from custody does not moot his habeas petition. *See United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997)(concluding that a § 2255 movant, who was serving his term of supervised release at the time of filing, was "in custody" within the meaning of § 2255); *see also Aguero v. United States*, 204 U.S. Appx. Lexis 17594, 2014 WL 4473776 (11th Cir. 2014)(where the petitioner was serving his three-year term of supervised release when he filed his § 2255 motion, he still meet § 2255's "in custody" requirement although his term of supervised release expired while his § 2255 motion was pending); *Reed v. United States*, 471 F.2d 721, 722 (5th Cir. 1973)("[I]t is well settled that if one is imprisoned at the time of the original filing of the [§ 2255] motion, and released before determination thereof, the cause of action does not become moot.").

3

*v. Florida*, 549 U.S. 327, 336–37, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007); *United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009). "A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). "A court may, however, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff. The district court has broad discretion in making this decision and should appoint counsel only in exceptional circumstances." *Id.* (internal citations omitted). "Such exceptional circumstances exist 'where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.'" *Redmon v. Lake County Sheriff's Office*, 414 Fed.Appx. 221, 226, 2011 WL 476601, 5 (11th Cir. 2011) (quoting *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990)). "[T]he mere fact that a lawyer's assistance would be helpful does not amount to an 'exceptional circumstance' where … the core facts of the case are pretty much undisputed and the legal claims are straightforward." *Fischer v. Ellegood*, 238 Fed.Appx. 428, 435, (11th Cir. 2007) (citing *Bass supra*).

A review of Washington's two-page motion does not reveal any novel or complex circumstances that would make his claim rise to the level of "exceptional" such that counsel should be appointed. Further, Washington's pleading clearly articulates his claims such that this Court may address them without the appointment of counsel. Accordingly, Washington's request for counsel is denied.

## IV. VIOLATION OF THE PLEA AGREEMENT

Washington asserts that his sentence violated the terms of his plea agreement because he was held accountable for 500 grams instead of 300 grams of

4

cocaine, the amount which was referenced in his indictment and in the factual resume attached to his plea agreement. (Doc. 66 at 1).

The law is well settled that under the guidelines through relevant conduct a defendant can be held accountable at sentencing for illegal conduct not in furtherance of the offense of conviction if that conduct was "part of the same course of conduct or common scheme or plan" as the offense of conviction. *United States v. Gomez*, 164 F.3d 1354, 1356 (11th Cir. 1999); citing U.S.S.G. § 1B1.3(a)(2). In Washington's case the amount of drugs for which he was found accountable was for the same transaction for which he was indicted. Further, at sentencing, the Government put forth evidence that the quantity of cocaine involved in Washington's crime was 500 grams rather than the 300 grams known at the time of Washington's indictment. (Doc. 69 at 5-7). Washington's counsel objected to the conclusion that Washington should be held accountable for 500 grams of cocaine, but the Court expressly rejected that argument and found that the quantity of drugs involved could be considered under the sentencing guidelines. (*Id.* at 12). Furthermore, Washington was clearly notified both in writing per the plea agreement and verbally at his guilty plea hearing that his plea agreement was advisory, that his sentencing range could not be calculated until a presentence investigation was performed, that the Court was not bound by the sentencing guidelines, and that his sentence could be different from what he anticipated. (Doc. 35 at 3-4; Doc. 71 at 7-10).

5

The Plea agreement also spelled out that the Government's only obligations per the agreement was to not seek additional charges based on the facts underlying Washington's indictment and to recommend Washington be sentenced at the low end of the sentencing guideline range. (Doc. 35 at 4-5). Lastly, Washington's counsel has also submitted an affidavit stating that "Washington was made aware early on of the effect that being held accountable for 500 grams of cocaine would have upon his guideline range. I discussed the enhancement about which he now complains in great depth after the Presentence Investigation Report was prepared." (Doc. 70-1 at 1).

As a result of the above, it is clear that the plea agreement entered into between Washington and the Government was not limited to Washington being held accountable for only 300 grams of cocaine. Accordingly, the record clearly establishes that Washington's offense level calculation and sentence range did not violate the terms of the plea agreement. Moreover, the Government satisfied its obligations under the plea agreement as it did not bring additional charges and a recommendation was made that Washington be sentenced to the low end of his guideline range.[2] Accordingly, Washington's claim that the Government violated the terms of the plea agreement is without merit is due to be dismissed as a matter of law.

---

[2] Of note, the plea agreement also contained a provision that allowed for the possibility of a §5K1.1 or Rule 35 motion for a reduction of sentence if Washington provided the United States with substantial assistance. (Doc. 35 at5-9; Doc. 70 at 9). The record reflects the government did, in fact, file a motion for downward departure in Washington's case which was granted. (Docs. 61, 63).

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

Washington asserts that he was denied effective assistance of counsel because (1) he was never notified that his offense level could be raised (2) his counsel failed to provide the court with any defense as to why such an adjustment would be allowed, (3) his counsel failed to consult with him regarding what steps should be taken to correct the adjustment, and (4) his counsel failed to advise him of his right to appeal. (Doc. 66 at 1).

Ineffective assistance of counsel claims are evaluated through the familiar standard promulgated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). A claim of ineffective assistance of counsel can be established upon a showing that the (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant. *Id*. at 687. The alleged errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. In a habeas corpus action, the petitioner carries the burden to establish both *Strickland* prongs. *Lawhorn v. Allen*, 519 F.3d 1272, 1293 (11th Cir.2008) (citing *Atkins v. Singletary*, 965 F.2d 952, 958–59 (11th Cir.1992)). Thus, a petitioner must demonstrate that his counsel's performance "fell below an objective standard of reasonableness," *Strickland* at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Washington's claim for ineffective assistance of counsel is due to be denied. The record reflects that at Washington's guilty plea the following exchange took place:

> THE COURT: Do you understand that the court will not be able to determine the advisory guidelines sentencing range for your case until after the pre-sentence report has been completed and you and the government have had an opportunity to challenge the reported facts and the application of the guidelines recommended by the probation office, and that the guideline range determined by the court may be different from any estimate your attorney or anyone else may have given you in this case?
>
> [...]
>
> MR. WASHINGTON: Yes, ma'am.

(Doc. 71 at 9). The Court further notified Washington that the terms of the plea agreement were merely recommendations and that the Court could reject the agreement and impose a sentence that was more severe than Washington anticipated. (*Id*. at 6-7). At the guilty plea hearing, the Court also notified Washington of his right to appeal based on his plea agreement. (*Id*. at 10-11). The record also reflects that Washington's counsel did, in fact, raise a defense to the offense level assigned to Washington at his sentencing hearing. (Doc. 69 at 2-5, 10-13) and that Washington was notified of his right to appeal at his sentencing. (*Id*. at 19-20). Finally, Washington's counsel has submitted an affidavit that states that he advised Washington that the Court was not bound by the sentencing guidelines, that his sentencing range per the guidelines would be affected if he were held accountable for 500 instead of 300 grams of cocaine and his offense level enhancement based on the same and of his right to appeal. (Doc. 70-1). Counsel indicates that he additionally sent a follow up letter to Washington regarding his discussions with Washington and at no time did Washington request that an appeal be filed. (*Id*.)

As a result, Washington cannot show either that his counsel was deficient or that his alleged deficiency resulted in his being prejudiced. Rather, the record plainly contradicts Washington's assertions and establishes that his ineffective assistance claim fails as a matter of law.

## VI. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 18 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). However, "a COA does not require a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Where, as here, the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Miller-El*, 537 U.S. at 336 ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

9

proceed further." (citations omitted and punctuation modified)).). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted). Upon consideration, a certificate of appealability in this action is **DENIED**. Washington has not made a substantial showing of the denial of a constitutional right, and he has presented no constitutional claim for which "reasonable jurists would find [this] court's assessment…debatable or wrong." *Slack*, 529 U.S. at 484.

## VII. Appeal In Forma Pauperis

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). *See also Weaver v. Patterson*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at \*7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), *report and recommendation adopted*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that

10

the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R. App. P. 24(a)(3)(A); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); *DeSantis v. United Techs, Corp.*, 15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)."). *But see, e.g., United States v. McCray*, No. 4:07CR20-RH, 2012 WL 1155471, at *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Considering the foregoing analysis, the the Court certifies that any appeal by Washington in this action would be without merit and therefore not taken in good faith and, accordingly, find that Washington is not entitled to appeal *in forma pauperis*.

## VIII. CONCLUSION

Accordingly, Washington's motion to vacate and for appointment of counsel is **DENIED**.

**DONE** and **ORDERED** this 17th day of May, 2019.

/s/ Callie V.S. Granade
SENIOR UNITED STATES DISTRICT JUDGE